UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,         :      05 Cr. 849 (LMM)

         - v -                    :      MEMORANDUM AND ORDER

KLIVILAND SYLVESTER,              :

         Defendant.               :

------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/11/06

McKENNA, D.J.,

Defendant moves for (i) discovery as specified in Defendant's Memorandum, at 2-5 (¶¶ 1-14), and (ii) a bill of particulars as to Count Two of the indictment. Id. at 8.

## A. Discovery

In considering the defendant's requests for discovery, the Court follows the numbering of the paragraphs set forth in Defendant's Memorandum, at 2-5.

The discovery described in paragraphs 1, 3, 4, 7 and 8 is to be supplied, if that has not already been done.

Paragraphs 2, 10, 11, 12, 13 and 14 all relate to a confidential informant (the "C1") to whom, the complaint alleges, defendant sold cocaine base and a .22 caliber Colt semiautomatic handgun, as well as to other confidential informants, if any, present at the scene of the charged crimes.

"The government is not generally required to disclose the identity of confidential informants." United States v. Fields, 113 F.3d 313, 324 (2d Cir.), cert. denied, 522 U.S. 976 (1997) (citing

COPIES MAILED TO COUNSEL JAN 1 1 2006

Roviaro v. United States, 353 U.S. 53, 59 (1957). "The defendant bears the burden of showing the need for disclosure of an informant's identity, and to do so must establish that, absent such disclosure, he will be deprived of his right to a fair trial. If such is established, the government's privilege must give way." Id. (citations omitted). "The defendant is generally able to establish a right to disclosure 'where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence.'" United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988), cert. denied, 489 U.S. 1089 (1989) (quoting United States v. Russotti, 746 F.2d 945, 950 (2d Cir. 1984) (other citations omitted). However, the defendant "must show more than simply that the informant was a participant in or witness to the crime charged, or that the informant might cast doubt on the general credibility of a government witness; '[s]peculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden.'" United States v. Flaharty, 295 F.3d 182, 202 (2d Cir. 2002) (quoting Fields, 113 F.3d at 324).

Application of the rule is no doubt fact specific. In United States v. Jimenez, 789 F.2d 167 (2d Cir. 1986), it was held that the district court did not err in declining to require disclosure of a confidential informant's identity where there was no basis shown that the informant "would have been of even marginal

value to the defendant's case." 789 F.2d at 170. On the other hand, in <u>Saa</u>, the Second Circuit noted that in an earlier decision -- <u>United States v. Roberts</u>, 388 F.2d 646 (2d Cir. 1968) -- where "the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin," so that "'the informant was 'present during all the significant events,'" it had found that the informant was "'obviously a crucial witness to the alleged narcotics transactions'" whose whereabouts "should have been revealed to the defense if properly requested." <u>Saa</u>, 859 F.2d at 1073 (quoting <u>Roberts</u>, 388 F.2d at 649).

Defendant argues that, in the circumstances of this case, it appears that the CI may be the most significant, perhaps the only, witness to the charged crimes, the only person able to identify defendant as the person who purchased the drugs and the gun and able to identify the speakers on recorded conversations. (Def. Mem. at 6-7.) The government has responded only generally to such arguments.

The Court will hear oral argument on defendant's motion insofar as it relates to identification of the confidential informant described in the complaint (and any others), and related issues, on January 20, 2006, at 10:30 A.M.

The discovery request in paragraph 5 is premature. Rough notes of agents may be required, as material producible under 28

3

U.S.C. § 3500 for any agent who testifies, on such schedule as may be arranged for the production of 3500 material.[1]

The discovery requested in paragraphs 6 and 9 is to be produced on the requested schedules.

### B. Bill of Particulars

Defendant is not entitled to a bill of particulars. The indictment, supplemented by the complaint, is sufficiently specific.

SO ORDERED.

Dated: January 11, 2006

Lawrence M. McKenna
U.S.D.J.

---

[1] If, of course, such notes contain materials required to be produced under Brady v. Maryland, 373 U.S. 83 (1963), or Giglio v. United States, 405 U.S. 150 (1972), then they are to be produced forthwith (Brady material) or with 28 U.S.C. § 3500 material for the witness (Giglio material).

4