USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA,                :         05 Cr. 849 (LMM)

    - v -                              :         MEMORANDUM AND ORDER

KLIVILAND SYLVESTER,                     :

               Defendant.     :

------------------------------x

McKENNA, D.J.,

        The Department of Probation has advised the Court that the above defendant may be eligible pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his sentence under U.S.S.G. § 1B1.10 (as amended effective March 3, 2008) and U.S.S.G. § 2D1.1 (as amended effective November 1, 2007) (reduction in crack cocaine guidelines).

        Defendant pleaded guilty on July 21, 2006 to a two count indictment charging him with (1) distribution and possession with intent to distribute of 50 grams and more of crack cocaine and (2) possession during and in relation to that drug trafficking crime of two firearms.  The plea was entered into pursuant to a written plea agreement containing a Guidelines stipulation calculating an offense level of 29 as to Count One, recognizing a mandatory minimum term of 60 months of imprisonment on Count Two to be served consecutively to any sentence imposed on Count One, and calculating a criminal history category of VI.  The stipulated Guidelines range

was thus 151-188 months on Count One (including a 120 month mandatory minimum term of imprisonment), plus a consecutive 60 months on Count Two, for a total of 211-248 months.

Probation calculates that, under the relevant amendment of the crack cocaine Guidelines, defendant's sentence range on Count One is 130-162 months. (Probation Memorandum, Aug. 29, 2008, at 3.)[1]

Defendant was sentenced on February 28, 2007 to a non-Guidelines sentence of 192 months of imprisonment (132 months on Count One and 60 months, to be served consecutively, on Count Two). In imposing the non-Guidelines sentence, the Court gave particular attention to the very difficult circumstances of defendant's youth, and the age of much of the offense conduct resulting in his criminal history category of VI. The Court noted that "a nonguidelines sentence is appropriate in this case for the reasons I'm going to try to spell out." (Transcript, Feb. 28, 2007, at 9-10.)

U.S.S.G. 1B1.10, as amended, provides, in part, that a further reduction of sentence pursuant to an amended guideline "generally would not be appropriate" where "the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543

---

[1] The maximum potential reduction of sentence pursuant to the amended crack cocaine Guidelines would thus be two months.

U.S. 220 (2005)."  U.S.S.G. § 1B1.10(b)(2)(B).  That is the case here.

For the foregoing reasons, the Court denies a reduction of sentence.

Dated:  June 17, 2009

SO ORDERED.

_____
Lawrence M. McKenna
U.S.D.J.